UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RANBAXY LABORATORIES LIMITED, RANBAXY INC., and RANBAXY PHARMACEUTICALS, INC., <br><br>　　　Plaintiffs, <br><br>　　　v. <br><br>MICHAEL O. LEAVITT SECRETARY OF HEALTH AND HUMAN SERVICES <br>　　　and <br>DEPARTMENT OF HEALTH AND HUMAN SERVICES <br>　　　and <br>ANDREW C. VON ESCHENBACH, ACTING COMMISSIONER OF FOOD AND DRUGS, <br>　　　and <br>FOOD AND DRUG ADMINISTRATION, <br><br>　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 05-CV-01838 (RWR) |

## UNOPPOSED MOTION FOR SCHEDULING ORDER

Plaintiffs Ranbaxy Laboratories Limited, Ranbaxy Inc. and Ranbaxy Pharmaceuticals, Inc. (collectively "Ranbaxy") hereby move for entry of a scheduling order governing the filing of dispositive motions in this case. In order to expedite the final resolution of this case, counsel for the federal defendants and undersigned counsel for Ranbaxy have conferred and have agreed to proceed according to the following schedule:

　　　October 31, 2005:　　FDA will file the Administrative Record.

　　　November 7, 2005:　　Ranbaxy will file its motion for summary judgment.

> December 2, 2005:   The federal defendants will file their opposition to Ranbaxy's motion and their cross-motion for summary judgment.
>
> December 12, 2005:   Ranbaxy will file its reply and opposition to the federal defendants' motion.
>
> December 22, 2005:   The federal defendants will file their reply.

To enable Ranbaxy to meet the November 7, 2005 deadline, FDA also agreed to provide Ranbaxy with a draft of the Administrative Record by October 24, 2005. The parties also agree that Defendants' time to respond to the complaint is stayed pending resolution of these dispositive motions.

Ranbaxy's Need for Expedited Consideration[1]

Ranbaxy is engaged in the development, manufacturing and marketing of generic pharmaceutical products in the United States and worldwide. Ranbaxy, through Ranbaxy Laboratories Limited, submitted an Abbreviated New Drug Application ("ANDA") in November 2001 to the Food and Drug Administration ("FDA"), pursuant to 21 U.S.C. § 355(j), seeking approval to market a generic version of Zocor (simvastatin), a brand name drug marketed by Merck and Company ("Merck"). Ranbaxy's ANDA has received tentative approval from FDA and Ranbaxy expects to receive final approval to begin marketing in June 2006, once certain patent-related exclusivities expire.

Ranbaxy understands that it was the first to file an ANDA for simvastatin 80 mg containing a paragraph IV certification to the patents then listed by Merck as claming Zocor. As such, pursuant to 21 U.S.C. § 355(j)(5)(B)(iv), Ranbaxy is entitled to a 180-day period of

---

1. This section sets forth Ranbaxy's reasons for requesting an expedited briefing schedule and a prompt hearing date and decision. By agreeing to the proposed schedule, the federal defendants do not agree with the reasons advanced by Ranbaxy for requesting expedited consideration.

exclusivity during which time FDA may not approve other ANDAs for simvastatin 80 mg. FDA, however, has decided that Ranbaxy will not receive 180-day exclusivity.

After Ranbaxy submitted its ANDA, Merck requested that FDA remove the patents that were the subject of Ranbaxy's paragraph IV certifications from the list of patents claiming Zocor. FDA removed these patents prior to the expiration of Ranbaxy's 180-day exclusivity. As a consequence, FDA has nullified Ranbaxy's entitlement to 180-day exclusivity. Following several unsuccessful attempts to have FDA reconsider its decision, Ranbaxy filed this suit under the Administrative Procedure Act, alleging that FDA's refusal to recognize its entitlement to 180-day exclusivity is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.

Based on Ranbaxy's experience and knowledge of the market for simvastatin, Ranbaxy expects that, if FDA recognizes its right to exclusivity, Ranbaxy will be able to sell more than two to three times the number of simvastatin 80 mg tablets during the first year than it would absent exclusivity. Ranbaxy projects that the difference in sales and revenues will be substantial and that the loss of exclusivity will cause immediate and irreparable harm to Ranbaxy.

Before it can bring its 80 mg simvastatin to market, Ranbaxy will need to invest in the production of 80 mg simvastatin tablets. The amount of inventory that Ranbaxy will need will vary considerably depending on whether FDA will recognize its right to 180-day exclusivity or not. In order to launch in June 2006 and fully satisfy demand, Ranbaxy will need to ascertain its production needs five months in advance, that is, by mid-January 2006. Drug tablets have limited shelf lives. If Ranbaxy produces the tablets necessary to satisfy demand assuming that it will receive exclusivity, but does not obtain it, the excess inventory will need to be discarded at a substantial cost to the company.

3

For these reasons, Ranbaxy requested that FDA agree to an expedited schedule for the filing of the Administrative Record and dispositive motions. For the same reasons, Ranbaxy respectfully requests that the Court enter an order adopting the expedited schedule for filing dispositive motions agreed to by the parties and that the Court hold oral argument and issue its decision as soon as practicable thereafter.

Respectfully submitted,

*Kate C. Beardsley*
Kate C. Beardsley
D.C. Bar No. 416806
Carmen M. Shepard
D.C. Bar No. 331314
William A. Garvin
D.C. Bar No. 486467

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Plaintiffs

Dated: October 12, 2005