UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANBAXY LABORATORIES LIMITED, RANBAXY INC., and RANBAXY PHARMACEUTICALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT SECRETARY OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF HEALTH AND HUMAN SERVICES, ANDREW C. VON ESCHENBACH, ACTING COMMISSIONER OF FOOD AND DRUGS, and FOOD AND DRUG ADMINISTRATION,<br><br>Defendants. | CIVIL NO. 05-CV-01838 (RWR) |

UNOPPOSED MOTION FOR EXPEDITED DECISION AND
TO AMEND THE BRIEFING SCHEDULE

Plaintiffs Ranbaxy Laboratories Limited, Ranbaxy Inc. and Ranbaxy Pharmaceuticals, Inc. (collectively "Ranbaxy") hereby move for an expedited decision in this case. This case involves the question of whether Ranbaxy will be entitled to 180-day exclusivity for its simvastatin 80 mg drug, a generic version of Zocor. As explained below, in order to be prepared to launch its generic simvastatin 80 mg by June 2006, Ranbaxy needs to begin to produce its inventory by mid-January 2006. A critical factor in determining the inventory needed to launch is whether Ranbaxy will receive 180-day exclusivity. An expedited decision is necessary to

ensure that Ranbaxy can adequately prepare for launching a generic version of simvastatin in June 2006.

### Ranbaxy's Need for Expedited Consideration

Ranbaxy is engaged in the development, manufacturing and marketing of generic pharmaceutical products in the United States and worldwide. Ranbaxy, through Ranbaxy Laboratories Limited, submitted an Abbreviated New Drug Application ("ANDA") in November 2001 to the Food and Drug Administration ("FDA"), pursuant to 21 U.S.C. § 355(j), seeking approval to market a generic version of Zocor (simvastatin), a brand name drug marketed by Merck and Company ("Merck"). Ranbaxy's ANDA has received tentative approval from FDA and Ranbaxy expects to receive final approval to begin marketing in June 2006, after certain patents on Zocor expire.

Ranbaxy understands that it was the first to file an ANDA for simvastatin 80 mg containing a paragraph IV certification to the patents then listed by Merck as claiming Zocor. As such, pursuant to 21 U.S.C. § 355(j)(5)(B)(iv), Ranbaxy is entitled to a 180-day period of exclusivity during which time FDA may not approve other ANDAs for simvastatin 80 mg. FDA, however, has decided that Ranbaxy will not receive 180-day exclusivity.

After Ranbaxy submitted its ANDA, Merck requested that FDA remove the patents that were the subject of Ranbaxy's paragraph IV certifications from the list of patents claiming Zocor. FDA decided to remove these patents prior to the expiration of Ranbaxy's 180-day exclusivity and nullify Ranbaxy's entitlement to 180-day exclusivity.

Following the removal of the patents from the Orange Book, Ranbaxy requested that the agency correct its erroneous removal and followed up its request in telephone calls and a meeting with FDA. At FDA's request, Ranbaxy submitted a Citizen Petition addressing the subject.

2

Although FDA's own regulations require a response to a Citizen Petition within 180 days, and Ranbaxy had explained the need for a timely response, FDA delayed issuing a decision on the Citizen Petition. Ranbaxy nevertheless filed suit under the Administrative Procedure Act, alleging that FDA's refusal to recognize its entitlement to 180-day exclusivity is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law and sought an expedited briefing schedule. FDA finally issued its decision on the Citizen Petition after this suit was filed.

Delay in resolving this case places Ranbaxy in a precarious position. Ranbaxy must begin to acquire the necessary inventory for the June 2006 launch date in mid-January. If Ranbaxy does not acquire sufficient inventory to satisfy the demand expected in the event its exclusivity is upheld, it will effectively lose the benefit of its exclusivity because of an inability to supply sufficient drug product to its customers. On the other hand, if Ranbaxy acquires sufficient inventory to satisfy the orders expected during its 180-day exclusivity, but the court upholds FDA's position, Ranbaxy will be harmed by the losses caused by acquiring excessive inventory. In effect, if this case is not resolved promptly, Ranbaxy stands to lose millions in projected profits over the first six months of marketing and/or its substantial investment incurred in preparing for distribution of simvastatin. See Declaration of Jayadeep R. Deshmukh.

Ranbaxy believes that the Court may benefit from oral argument because of the complex nature of the case. Ranbaxy has contacted counsel for the parties and requested that they make themselves available for a hearing in early January, should the Court so prefer.

Counsel for the government has stated that FDA does not agree with many of the characterizations of its actions or this lawsuit provided above, but does not oppose the request for an expedited decision. Ranbaxy also contacted counsel for IVAX Pharmaceuticals, Inc.

3

("IVAX"), the plaintiff in a related case, <u>IVAX Pharmaceuticals, Inc. v. Leavitt</u>, Civ. No. 05-2180 (RWR). (A motion for consolidation of the two cases is pending before the court.) Counsel for IVAX joins Ranbaxy in its request for an expedited decision.

In addition, the government seeks to extend the time for its reply brief, from December 22 to December 30, which the government asserts is necessitated by the press of other matters. Counsel for Ranbaxy and IVAX do not oppose this request provided that it does not delay resolution of this case. A proposed order regarding this reply is attached.

Respectfully submitted,

*Kate C. Beardsley*
Kate C. Beardsley
D.C. Bar No. 416806
Carmen M. Shepard
D.C. Bar No. 331314
William A. Garvin
D.C. Bar No. 486467

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Dated: Dec. 7, 2005

Counsel for Plaintiffs