UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RANBAXY LABORATORIES, LTD., et al., | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | CIVIL NO. 05-CV-1838 (RWR) |
| MICHAEL O. LEAVITT, et. al., | ) ) ) |  |
| Defendants. | ) ) |  |
| IVAX PHARMACEUTICALS, INC., | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) ) | CIVIL NO. 05-CV-2180 (RWR) |
| MICHAEL O. LEAVITT, et. al., | ) ) |  |
| Defendants. | ) ) |  |

UNOPPOSED MOTION FOR EXPEDITED DECISION

With great respect for this Court's heavy caseload, Plaintiff Ivax Pharmaceuticals, Inc. ("IVAX") hereby moves for an expedited decision on its pending motion for summary judgment. This case involves the question of whether IVAX will be entitled to 180-day exclusivity for its simvastatin 5, 10, 20 and 40 mg tablets, a generic version of Zocor®. As explained more fully herein, IVAX must begin preparations imminently in order to be prepared to launch its generic simvastatin 5, 10, 20 and 40 mg tablets on the date when final approval is estimated to be granted--June 2006. The scope of those preparations is tied to resolution of the issue before this

Court, i.e. whether IVAX will receive 180-day exclusivity. An expedited decision is necessary to ensure that IVAX can adequately prepare for launching its generic version of simvastatin in June 2006.

## IVAX 's Need for Expedited Consideration

IVAX's primary business is the development, manufacturing and marketing of generic pharmaceutical products in the United States and worldwide. On December 14, 2000, IVAX filed ANDA 76-052 to the FDA. By that ANDA, IVAX sought approval to market a generic version of Zocor® (simvastatin), a brand name drug marketed by Merck & Co., Inc. ("Merck."). IVAX expects to receive final approval for its ANDA once certain patents related to Zocor® expire in June 2006.

As to simvastatin 5, 10, 20 and 40 mg dosage strengths, IVAX understands that it was the first to file an ANDA containing a paragraph IV certification to the patents then listed by Merck as claiming Zocor®. IVAX's position in this case is that pursuant to 21 U.S.C. § 3550)(5)(B)(iv), it is entitled to a 180-day period of exclusivity during which time FDA may not approve other ANDAs for simvastatin 5, 10, 20 and 40 mg dosage strengths.

More than a year after IVAX submitted its ANDA, Merck requested that FDA delist certain of the listed patents that were the subject of IVAX's paragraph IV certifications. FDA thereafter agreed to remove these patents prior to the expiration of IVAX's 180-day exclusivity and refused to accord IVAX 180 days of marketing exclusivity. The legality of that decision is the subject of the instant action and the pending motion for summary judgment.

IVAX first requested that the agency correct its erroneous removal and submitted a Citizen Petition addressing the subject. Thereafter, IVAX filed suit under the Administrative

Procedure Act, alleging that FDA's refusal to recognize its entitlement to 180-day exclusivity is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.  In an effort to expedite the matter IVAX sought to consolidate its suit with the instant suit and agreed to abide by the expedited briefing schedule already put in place by the Court.

Delay in resolving this case virtually guarantees harm to IVAX.  IVAX will launch its generic simvastatin 5, 10, 20 and 40 mg product as soon as approval is forthcoming in June of this year.  If this court upholds IVAX's entitlement to exclusivity, IVAX will need a large quantity of product in order to meet the demand for generic simvastatin 5, 10, 20 and 40 mg.  In contrast, if exclusivity is not forthcoming, the quantity of product required by IVAX will be substantially less.  IVAX expects that, if FDA recognizes its right to exclusivity, IVAX will be able to sell more than three or more times the number of simvastatin 5, 10, 20 and 40 mg tablets during the first year than it would absent exclusivity.  The decision as to quantity is imminent as IVAX will require four or five months to acquire necessary materials and ramp-up production for a July 2006 launch.  If IVAX does not acquire sufficient inventory to satisfy the demand expected in the event its exclusivity is upheld, it will effectively lose the benefit of its exclusivity because it will be unable to meet its customers' demands.  On the other hand, if IVAX acquires sufficient inventory to satisfy the orders expected if it has exclusivity, but the Court determines at some later date that exclusivity is not warranted, IVAX will also be harmed from having too much inventory to sell prior to that product's expiration.  In other words, this case must be resolved promptly or IVAX stands to lose either or both of (1) millions of dollars in projected profits over the first six months of marketing or (2) the substantial investment incurred in preparing for distribution of simvastatin.   See Declaration of Rafick Henein, Ph.D.

While IVAX recognizes that the Court's calendar is crowded, IVAX respectfully requests expedited consideration of the pending summary judgment motions. Further, IVAX believes that oral argument on those motions will benefit the Court due to the complex nature of the case. Ranbaxy already has a motion for expedited consideration pending and agrees with the relief sought by this motion. The government does not agree with many of the characterizations provided above, but does not oppose an expedited decision on the pending summary judgment motions.

Dated: January 19, 2006

        Respectfully submitted,

        STEARNS WEAVER MILLER WEISSLER
        ALHADEFF & SITTERSON, P.A.
        150 West Flagler Street
        Suite 2200
        Miami, FL  33130
        (305) 789-3200
        (305) 789-3395
        Jay B. Shapiro (*pro hac vice* motion pending)
        jshapiro@swmwas.com
        Samuel O. Patmore (same)
        spatmore@swmwas.com

        HYMAN, PHELPS & MCNAMARA, P.C.
        700 Thirteenth St. N.W.
        Washington, D.C. 20005
        202-737-4282
        202-737-9329(facsimile)


        By: /s/ Douglas B. Farquhar
            Robert A. Dormer
            rad@hpm.com
            John R. Fleder
            jrf@hpm.com
            Douglas B. Farquhar
            dbf@hpm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of January, 2006, a copy of the foregoing Unopposed Motion for Expedited Decision was served via first-class mail, postage-prepaid, upon:

      Drake S. Cutini, Esq.
      Office of Consumer Litigation
      U.S. Department of Justice
      P.O. Box 356
      Washington, D.C.  20044

      Counsel for the Federal Defendants.

      /s/ Douglas B. Farquhar_____
      Douglas B. Farquhar