UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANBAXY LABORATORIES LIMITED, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, et. al., <br><br> Defendants. | CIVIL NO. 05-CV-1838 (RWR) |
| IVAX PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL O. LEAVITT, et. al., <br><br> Defendants. | CIVIL NO. 05-CV-2180 (RWR) |

## SUPPLEMENT TO UNOPPOSED MOTIONS FOR EXPEDITED CONSIDERATION

IVAX Pharmaceuticals, Inc. ("IVAX") and Ranbaxy Laboratories Limited, Ranbaxy, Inc. and Ranbaxy Pharmaceuticals, Inc. (collectively "Ranbaxy") submit this supplement to the unopposed motions for expedited consideration currently pending before the Court, in order to inform the Court of the escalating harm to the public, the parties and others from the continuing uncertainty as to the outcome of the case. In addition, plaintiffs also submit this supplement to notify the Court that they will need to file motions for preliminary injunction on May 1, 2006, provided there is no decision on the pending motions for summary judgment prior to that date.

As the Court is aware, this case involves the question of whether Ranbaxy and IVAX will be entitled to 180-day exclusivity for their generic simvastatin (Zocor) drugs. Cross-motions for summary judgment have been fully briefed by the parties. Ranbaxy and IVAX also have filed unopposed motions for an expedited decision because, as explained in their respective motions, the plaintiffs need adequate time to manufacture the drug product necessary to meet the public's demand for generic simvastatin. Plaintiffs expect to launch their generic simvastatin products in June 2006. *See* Ranbaxy's Unopposed Motion for Expedited Decision (filed Dec. 7, 2005); IVAX's Unopposed Motion for Expedited Decision (filed Jan. 20, 2006).

In the absence of a decision by this Court, no generic manufacturer of simvastatin, including IVAX and Ranbaxy, can have any certainty as to how much generic simvastatin it should manufacture in anticipation of the June launch date. Currently, no generic manufacturer can anticipate whether IVAX and Ranbaxy will receive six months of generic exclusivity or if all generic manufacturers should prepare to enter the market simultaneously. As a result, generic manufacturers must decide how much drug product to manufacture without any knowledge of how much demand each will face. In this atmosphere of uncertainty, it would not be surprising if miscalculations occur and manufacturers end up, individually and collectively, producing too little or too much generic simvastatin. Worse yet, decisions regarding how much product to produce cannot change on a dime—preparation requires substantial lead time—so miscalculations cannot be corrected quickly. Because simvastatin is among the country's largest selling drug, the consequences of miscalculations may be very large for both the public and the manufacturers.

Any miscalculations resulting from the lack of certainty will prove detrimental to the public interest. If generic manufacturers do not produce enough generic simvastatin, consumers

may face shortages. Alternatively, too much production will result in excessive inventory and waste. Either eventuality is likely to result in higher costs and possibly translate to higher prices, all to the detriment of consumers. Manufacturers of generic simvastatin also will be harmed by delay, though the harm will be visited most immediately, and irreparably, upon IVAX and Ranbaxy. *See* Declaration of Jaydeep R. Deshmukh (filed with Ranbaxy's Motion for Expedited Decision (Dec. 7, 2006)); Declaration of Rafick Henein, Ph.D. (filed with IVAX's Motion for Expedited Decision (Jan. 19, 2006)).

Plaintiffs have great respect for this Court, its workload and schedule, and respectfully request that the Court resolve the pending cross-motions for summary judgment prior to May 1, 2006. Plaintiffs also anticipate that, given the importance of the issues raised in this case, an appeal to the United States Court of Appeals for the District of Columbia Circuit may well follow this Court's decision on the merits. That Court also would need adequate time to consider the issues. Even on an emergency basis, that Court should be provided a minimum of 30 days, if not longer, to consider any request for a stay filed by a party.[1] For this reason, plaintiffs have concluded that they will have no choice but to file a motion for a preliminary injunction no later than May 1, 2006, and seek a hearing within 20 days as provided by Local Rule 65.1(d).

---

1. The Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit, allow a party eight days to file a response to a motion for a stay or injunction pending appeal and five days for a reply, not including Saturdays and Sundays. If a party files a petition for emergency relief within five days of a decision of this Court, the briefing will consume 22 days. Given the complexity of the issues, it would be desirable to provide the Court of Appeals at least one week, if not longer, to consider the papers and issue a decision.

3

The government does not agree with many of the characterizations provided above and does not agree that briefing a motion for a preliminary injunction will be necessary for resolution of this case, but does not oppose an expedited decision on the pending motions for summary judgment.

Dated: April 17, 2006                                          Respectfully submitted,

*/s/ Jay B. Shapiro*
Jay B. Shapiro
Samuel O. Patmore
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Suite 2200
Miami, FL 33130
(305) 789-3200
(305) 789-3395

Robert A. Dormer
John R. Fleder
Douglas B. Farquhar
HYMAN, PHELPS & MCNAMARA, P.C.
700 Thirteenth St. N.W.
Washington, D.C. 20005
202-737-4282
202-737-9329(facsimile)

*Counsel for Ivax*

*/s/ Kate C. Beardsley*
Kate C. Beardsley
D.C. Bar No. 416806
Carmen M. Shepard
D.C. Bar No. 331314

BUC & BEARDSLEY
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

*Counsel for Ranbaxy*

4